UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS FERNANDO KYPUROS,<br>No. 81027-380, | §<br>§<br>§ | |
| V. | §<br>§ | SA-16-CR-00780-XR(2)<br>SA-18-CV-00204-XR |
| UNITED STATES OF AMERICA | §<br>§<br>§ | |

## ORDER

Before the Court is Movant Luis Fernando Kypuros' ("Kypuros") *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 84), to which the Government has responded (ECF No. 87).[1] Upon consideration, the § 2255 motion is **DENIED**.

## BACKGROUND

A grand jury indictment returned November 2, 2016, charged Kypuros with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count I); and possession of a controlled substance with intent to distribute and aiding and abetting to do the same, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), as well as 18 U.S.C. § 2 (Count II). (ECF No. 15). Pursuant to a written plea agreement, Kypuros pleaded guilty to Count II of the indictment. (ECF No. 33).

According to the Presentence Report (PSR), "[t]he total amount of methamphetamine recovered . . . was 445.44 grams of methamphetamine with a purity level of 80.7%, which result[ed] in 359.47 grams of methamphetamine (actual)." (ECF No. 51 at 4). Pursuant to U.S.S.G. § 2D1.1(c)(4), offenses involving at least 150 grams but less than 500 grams of methamphetamine (actual) have a base offense level of 32. (Id. at 5). Kypuros was given a three-level downward

---

[1] Although Kypuros was granted an extension until July 20, 2018 to file his reply, to date no reply has been filed. (ECF No. 88).

adjustment for acceptance of responsibility; therefore, his total offense level was reduced from 32 to 29. (Id.). Additionally, Kypuros was found to have a criminal history category of III, resulting in a guideline imprisonment range of 108 months to 135 months. (Id. at 13). However, on May 23, 2017, Kypuros was sentenced below the guidelines to a term of 97 months imprisonment and three years of supervised release. (ECF No. 61).

Kypuros did not file a direct appeal. Instead, on June 1, 2017, Kypuros filed a *pro se* motion (ECF No. 68), arguing that his sentence should be reduced because he was sentenced at a guideline level based on the amount of actual methamphetamine rather than a mixture of methamphetamine. (Id.). He contended that because the testing and analysis of the methamphetamine had a plus or minus quantitation factor of 7.5%, the purity level of the methamphetamine should have been based on 73.2% rather than 80.7%. (Id.). Kypuros argued his base offense level should have been 25 which he maintained would have placed his sentencing range at 63 to 78 months. (Id.).

In response, the Government contended that "regardless of which actual weight was used based on the two purity levels, each [fell] within the 150 to 500 grams range and . . . establish[ed] a base offense level [of] 32 for the offense to which the Defendant entered his plea." (ECF No. 69 at 2). Kypuros' motion was denied (ECF No. 70), and approximately eight months later, Kypuros filed the present § 2255 motion, contending trial counsel rendered ineffective assistance by failing to object to the quantity of methamphetamine that determined his sentencing guideline range based on the purity level. (ECF No. 84).

## ANALYSIS

### A. Legal Standard

A federal defendant may move to vacate, set aside, or correct his sentence if: (1) the imposition of the sentence was in violation of the Constitution or the laws of the United States; (2) the District Court that imposed the sentence lacked jurisdiction; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, i.e., the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel under *Strickland*, a § 2255 movant must demonstrate counsel's performance was deficient and the deficient performance prejudiced his defense. *Id.* at 687. The failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs of the *Strickland* test in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

When a defendant complains of ineffectiveness assistance of counsel, he must demonstrate that counsel's representation fell below an objective standard of reasonableness under the circumstances of the case. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance is constitutionally deficient, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689. If the movant

succeeds in establishing trial counsel's performance was deficient, then the movant must also demonstrate that the deficient performance prejudiced the defense such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In the sentencing context, the defendant must demonstrate a reasonable probability that, but for counsel's errors, he would have received less prison time. *See United States v. Grammas*, 376 F.3d 433, 436–38 (5th Cir. 2004). Counsel is not ineffective for failing to assert a non-meritorious claim. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

      **C.**      **Discussion**

Kypuros alleges his attorney rendered ineffective assistance in failing to file an objection to his PSR on the methamphetamine purity error. Kypuros further states that "during the Sentencing Hearing [his attorney] did not fulfill his duty of making this Court aware of the disparity of the Actual to Mixture, but instead just touched on that then proceeded to ramble on about the Petitioner's family support." (ECF No. 84 at 4). Kypuros maintains that as result of trial counsel's failure, he was sentenced based on an offense level of 32 rather than 28. (Id.).

Kypuros' motion fails for a number of reasons. First and foremost, the offense level in cases involving methamphetamine is determined by either the weight of pure methamphetamine or the weight of the entire mixture of methamphetamine. *United States v. Alcala*, 668 F. App'x 83 (5th Cir. 2016) (citing U.S.S.G. § 2D1.1(c) n.B). The Laboratory Report, dated March 24, 2017, reflects that the methamphetamine weighed 445.44 grams (+/–0.04 grams) with a quantitation of 80.7% (+/–7.5%). (ECF 69-1). The PSR reflects that the weight of the actual methamphetamine based on its purity level was 356.47 grams. Although the presentence report did not allow for the 7.5% quantitation factor, had it done so, the purity level would have been 73.2%. Using this

4

diminished purity level, the weight of the actual methamphetamine would have been 326.06 grams. Thus, even assuming the diminished purity level was considered, the amount of methamphetamine at issue would still fall within the 150 to 500 grams range, establishing a base offense level of 32. Because Kypuros was correctly sentenced, trial counsel was not ineffective for failing to assert a non-meritorious claim. *Kimler*, 167 F.3d at 893.

Moreover, although written objections to the PSR were not filed, the record reflects that trial counsel submitted a Sentencing Memorandum wherein he argued that Kypuros should be sentenced based on the amount of actual methamphetamine seized. (ECF No. 55). Kypuros' counsel also addressed this issue during the sentencing hearing. Although Kypuros complains his attorney only "touched" on this issue and then "proceeded to ramble on about the Petitioner's family support," the Government maintains counsel "zealously argued" the matter. Even assuming Kypuros' characterization is correct, generally "[a] 'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'" *Seigfried v. Greer*, 372 F. App'x 536, 540 (5th Cir. 2010) (citing *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009)). In this case, Kypuros risked losing acceptance of responsibility. *United States v. Holmes*, 675 F. App'x 491, 492 (5th Cir. 2017) ("[A] frivolous objection or denial of relevant conduct may be a basis for withholding a reduction for acceptance of responsibility."); *see also* U.S.S.G. § 3E1.1 cmt. n.1(a) ("a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."). Consequently, his trial counsel had to proceed carefully. Accordingly, Kypuros fails to meet the first prong required by *Strickland*.

Kypuros also fails to show how he was prejudiced. Kypuros' guideline range was determined to be 108 months to 135 months imprisonment and he was sentenced to 97 months imprisonment, which was a downward departure from the guideline range. Further, even if Kypuros had succeeded on his argument that the weight of the mixture should have been used to calculate his base offense level, the base offense level would have remained the same. As a result, Kypuros has not demonstrated that, but for counsel's purported error, he would have received less prison time. *Grammas*, 376 F.3d at 436–38. Because Kypuros fails to meet both prongs required by *Strickland*, his § 2255 motion is **DENIED.**

    **D.**    **Evidentiary Hearing**

An evidentiary hearing on a Section 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). Because the issue presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

## CONCLUSION

Kypuros fails to establish that his trial counsel's performance was deficient or that he was prejudiced as a result of his counsel's alleged failure to object to the quantity of methamphetamine that determined his sentencing guideline range based on the purity level. Accordingly, Kypuros' Section 2255 motion, alleging he was denied effective assistance of counsel, is **DISMISSED**.

# **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the Court rejects a movant's constitutional claims on the merits, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

> When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

In this case, reasonable jurists could not debate the denial of Kypuros' § 2255 motion on procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Movant Luis Fernando Kypuros' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 84) is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**ADDITIONALLY IT IS ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 24th day of September, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE